IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02265-BNB

JOSEPH A. ELLSWORTH,

Plaintiff,

v.

DIANE BALKIN,
ADRIENNE GREENE,
JAMES WUNDERLICK,
KATHY WILSON,
DON HOLLOWAY,
JENNIFER NUANES,
JEFF CARSON,
R. BACON,
W. HOLENCIK,
PAT MONTEZ,
CHARLES OLIN,
A. ZAVARAS,
HARVEY LAPPIN,
CATHIE HOIST,
MARSHALL GRIFFITH,
C/M QUETEAH,
PAULA FRANTZ, and
BURL McCULLAR,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Joseph A. Ellsworth is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Ellsworth, acting ***pro se***, initiated this action by submitting to the Court a Prisoner Complaint pursuant to 42 U.S.C. § 1983, ***Bivens v.***


***Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. §§ 1331 and 1343. The Court must construe the Complaint liberally because Mr. Ellsworth is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, the Complaint and action will be dismissed in part and drawn in part.

In Claim One, Mr. Ellsworth asserts that Defendant Kathy Wilson lied under oath and Defendant James Wunderlick, as well as the Denver District Attorney (DDA), knew that Defendant Wilson lied under oath in his criminal proceedings. Mr. Ellsworth further asserts that Defendants Wilson, Wunderlick, Diane Balkin and Adrienne Greene suborned perjured testimony, tampered with witnesses and evidence to secure a conviction against Mr. Ellsworth, and criminally conspired, apparently against Mr. Ellsworth, over the past thirteen years. Mr. Ellsworth further asserts that Defendants Balkin and Greene demanded that he participate in the sex offender program at the DOC, because they knew he would have to confess and admit to crimes as part of the program, and the forced admissions would be used against him. Mr. Ellsworth also asserts that he has newly discovered evidence that Defendant Don Holloway worked with Defendants Wunderlick and the DDA in the "trumped-up state and federal charges in Oklahoma and Colorado." (Compl at 10.)

In Claim Two, Mr. Ellsworth asserts that Defendants Jennifer Nuanes, R. Bacon, C/M Queteah, Harvey Lappin, W. Holencik, and Jeff Carson refused to properly credit his federal sentence, even though both federal and state courts ordered that his state

and federal sentences run concurrently. Mr. Ellsworth contends that as a result he was wrongly incarcerated for over nine months at a federal facility.

In Claim Three, Mr. Ellsworth asserts that Defendants Nuanes, Bacon, Queteah, Holencik, Carson, Pat Montez, Charles Olin, and A. Zavaras have threatened to revoke his probation if he does not participate in the Sex Offender Treatment Program (SOTP) and confess to his crimes. Mr. Ellsworth further asserts that he is not incarcerated for a sex offense, but he is being denied earned credit, community corrections, parole, and other benefits, because he will not confess to crimes of sexual abuse and violence, which he did not commit. Mr. Ellsworth contends that the forced or coerced confession violates his Fifth Amendment rights. Mr. Ellsworth also asserts in Claim Three that the DOC lists him as having been convicted of a sexual assault of a child, even though he has not been charged or convicted of such a crime, and Defendants Montez and Olin refuse to correct the DOC records. Mr. Ellsworth further asserts that Defendants Olin and Montez do not require DOC sex offenders to participate in the SOTP if they have less than an indefinite sentence and that Defendants Montez, Olin, and Burl McCullar have falsely accused him of being argumentative and uncooperative with respect to his participation in the SOTP.

In Claim Four, Mr. Ellsworth asserts that Defendants Cathie Hoist and Marshall Griffith have refused to issue a mobility accommodation in violation of the Eighth Amendment and the Americans with Disabilities Act. Mr. Ellsworth further asserts that Defendant Dr. Paul Frantz has denied him advanced cardiac screening despite his having several abnormal static EKG results. Mr. Ellsworth also asserts that the DOC has ignored his repeated requests for (1) treatment or tests regarding his cardiac

condition; (2) a hepatitis vaccination, even thought his cellmate has hepatitis; and (3) anti-viral medication, which is needed because he is a diabetic and easily contracts the flu.

To the extent in Claim One that Mr. Ellsworth is attempting to seek habeas relief for a wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ***see Preiser v. Rodriguez***, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, ***see*** 28 U.S.C. § 2254(b)(1). Furthermore, to the extent in Claim Two that Mr. Ellsworth is seeking credit for any time served, he is challenging the execution of his sentence, and his claim more properly is raised in a 28 U.S.C. § 2241 action. ***See Montez v. McKinna***, 208 F.3d 862, 865 (10th Cir 2000).

Mr. Ellsworth also may not challenge the validity of his conviction or sentence in this action for money damages pursuant to 42 U.S.C.§ 1983. ***See Heck v. Humphrey***, 512 U.S. 477 (1994). In ***Heck***, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. ***Heck***, 512 U.S. at 486-87.

A judgment in favor of Mr. Ellsworth, with respect to either Claim One or Claim Two, necessarily would imply the invalidity of his criminal proceedings or his sentence. Therefore, he may not bring these claims unless he has invalidated the proceedings or his sentence. Mr. Ellsworth does not allege an invalidation of his conviction or sentence

nor is there an indication in the Complaint that he was granted one. Any claims challenging Mr. Ellsworth's criminal proceedings would be barred by ***Heck***. Therefore, Claims One and Two, as asserted against Defendants Diane Balkin, Adrienne Greene, James Wunderlick, Kathy Wilson, Don Holloway, Jennifer Nuanes, R. Bacon, C/M Queteah, Harvey Lappin, W. Holencik, and Jeff Carson, will be dismissed.

As for Claim Three, the Supreme Court has rejected a self-incrimination claim asserted by a sex offender who lost certain privileges for refusing to participate in a sex offender treatment program that required disclosure of sexual behavior information by the prisoner. ***See McKune v. Lile***, 536 U.S. 24 (2002). Therefore, Claim Three, as asserted against Defendants Jennifer Nuanes, R. Bacon, W. Holencik, C/M Queteah, and Jeff Carson, will be dismissed.

To the extent, however, Mr. Ellsworth asserts in Claim Three that Defendants Montez, Olin, and Zavaras refuse to remove the conviction of a sexual assault on a child from his prison record, the claim will be drawn to a district judge and to a magistrate judge. Claim Four also will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Claims One and Two as asserted against Defendants Diane Balkin, Adrienne Greene, James Wunderlick, Kathy Wilson, Don Holloway, Jennifer Nuanes, Jeff Carson, R. Bacon, Harvey Lappin, C/M Queteah, and W. Holencik are dismissed without prejudice as barred by the rule in ***Heck v. Humphrey***, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Claim Three as asserted against Defendants Jennifer Nuanes, R. Bacon, C/M Queteah, W. Holencik, and Jeff Carson is dismissed for the reasons stated above in this Order. It is

FURTHER ORDERED that the Clerk of the Court remove Defendants Diane Balkin, Adrienne Greene, James Wunderlick, Kathy Wilson, Don Holloway, Jeff Carson, Jennifer Nuanes, R. Bacon, Harvey Lappin, C/M Queteah, and W. Holencik from the docketing record as parties to this action. It is

FURTHER ORDERED that Claim Three as asserted against Defendants Pat Montez, Charles Olin, A. Zavaras, and Claim Four as asserted against Defendants Cathie Hoist, Marshall Griffith, Paula Frantz, and Burl McCullar shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

Zita Leeson Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02265-BNB

Joseph A. Ellsworth
Prisoner No. 143978
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk