IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02265-WYD-BNB

JOSEPH A. ELLSWORTH,

Plaintiff,

v.

PAT MONTEZ,
CHARLES OLIN,
A. ZAVARAS,
CATHY HOLST,
MARSHALL GRIFFITH,
PAULA FRANKTZ, and
BURL MCCULLAR,

Defendants.
_____

**ORDER**
_____

This matter arises on the following motions (the "Motions") filed by the plaintiff:

1. **Interference with Access to the Courts by CDOC as Retaliation for Filing this Suit** [Doc. #26, filed 01/13/2010];

2. **Notification of Request of Extention** [sic] **of Time to Court of Appeals for CDOC Defendants** [sic] **Retaliation Against Plaintiff** [Doc. #28, filed 01/13/2010];

3. **Motion for Reconsideration for Final Judgment as Per Order of the 10th Cir. Court of Appeals** [Doc. #30, filed 01/20/2010]; and

4. **Motion to Add C.D.O.C. Defendants Due to Retaliation for Filing this Federal Suit** [Doc. #31, filed 01/25/2010].

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his first Amended Prisoner Complaint on October 1, 2009 [Doc. #5] (the "Amended Complaint"). On November 4, 2009, Judge Zita L. Weinshienk issued an order dismissing several claims and numerous defendants and directing that the remaining claims be drawn to a district judge and to a magistrate judge [Doc. #7]. On November 13, 2009, the plaintiff filed a notice of appeal of Judge Weinshienk's order.

Subsequently, the plaintiff filed the Motions. The Motions are not clearly stated. In the motions titled "Interference with Access to the Courts by CDOC as Retaliation for Filing this Suit" [Doc. #26] and "Notification of Request of Extention [sic] of Time to Court of Appeals for CDOC Defendants [sic] Retaliation Against Plaintiff" [Doc. #28], the plaintiff appears to be seeking an extension of time to submit materials to the appellate court. Motions which seek relief from the appellate court must be filed in that court, not in the district court. To the extent the plaintiff is seeking relief that can be obtained from this court, the Motions are incomprehensible. A motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed.R.Civ.P. 7(b)(1)(B) and (C). It is not clear what relief, if any, the plaintiff is seeking from this court.

The plaintiff also filed a motion titled "Motion for Reconsideration for Final Judgment as Per Order of the 10th Cir. Court of Appeals" [Doc. #30]. The plaintiff seeks reconsideration of Judge Weinshienk's order.

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). Because the plaintiff is appealing Judge Weinshienk's order, this court has lost jurisdiction to reconsider the order. Accordingly, the "Motion for Reconsideration for Final Judgment as Per Order of the 10th Cir. Court of Appeals" is denied for lack of jurisdiction.

The plaintiff's final motion is titled "Motion to Add C.D.O.C. Defendants Due to Retaliation for Filing this Federal Suit" [Doc. #31]. The plaintiff seeks to supplement his Amended Complaint to add claims and defendants [Docs. #31-2 and 31-3]. However, the plaintiff may not amend his Amended Complaint by simply filing piecemeal supplements. Rather, he must file the entire proposed second amended complaint. The plaintiff may not incorporate by reference his original or his Amended Complaint into the proposed second amended complaint. The second amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

IT IS ORDERED that the motions titled "Interference with Access to the Courts by CDOC as Retaliation for Filing this Suit" [Doc. #26] and "Notification of Request of Extention [sic] of Time to Court of Appeals for CDOC Defendants [sic] Retaliation Against Plaintiff" [Doc. #28] are DENIED.

IT IS FURTHER ORDERED that the motion titled "Motion for Reconsideration for Final Judgment as Per Order of the 10th Cir. Court of Appeals" [Doc. #30] is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that the motion titled "Motion to Add C.D.O.C. Defendants Due to Retaliation for Filing this Federal Suit" [Doc. #31] is DENIED WITHOUT PREJUDICE subject to compliance with this order.

IT IS FURTHER ORDERED that all future motions shall clearly state the relief sought and the grounds for that relief.

Dated February 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge