IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02265-WYD-BNB

JOSEPH A. ELLSWORTH,

Plaintiff,

v.

PAT MONTEZ,
CHARLES OLIN,
A. ZAVARAS,
CATHY HOLST,
MARSHALL GRIFFITH,
PAULA FRANKTZ, and
BURL MCCULLAR,

Defendants.
_____

**ORDER**
_____

This matter arises on the following motions (the "Motions") filed by the plaintiff:

1. **Second Response to Defendants Answer and Rule 12 (B) (6) Request for Advisory Counsel and Reconsideration** [Doc. #53, filed 05/12/2010] ("Motion for Reconsideration"); and

2. **Motion to Add Additional Claims . . . Corrections** [Doc. #57, filed 07/22/2010] ("Motion to Add").

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure,

court orders, and the local rules of this court.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); D.C.COLO.LCivR 41.1.[1]

The plaintiff filed his first Amended Prisoner Complaint on October 1, 2009 [Doc. #5] (the "Amended Complaint").  On November 4, 2009, Judge Zita L. Weinshienk issued an order dismissing Claims One and Two entirely and Claim Three insofar as it alleges a violation of the plaintiff's Fifth Amendment guarantee against self-incrimination [Doc. #7].  On November 13, 2009, the plaintiff appealed Judge Weinshienk's order to the Tenth Circuit.  Subsequently, the plaintiff sought reconsideration of Judge Weinshienk's order [Doc. #30].  Because the plaintiff's appeal divested this court of jurisdiction over the order, Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985), the plaintiff's motion for reconsideration was denied [Doc. #37].  The defendants filed an Amended Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) on March 3, 2010 [Doc. #46].  On March 16, 2010, the appellate court dismissed the plaintiff's appeal for lack of jurisdiction because no final judgment has been entered in this action [Doc. #49].

---

[1]Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The Motion for Reconsideration contains (1) a response to the defendants' motion to dismiss, *Motion*, pp. 4-6;[2] (2) a motion to "appoint Advisory Counsel," id. at p. 3; (3) a motion for joinder with a case entitled simply "Montez," id.; (4) a motion to reconsider Judge Weinshienk's order, id. at pp. 6-10; (5) a request to supplement the Amended Complaint, id. at pp. 10-11; and (6) a motion for entry of final judgment. Id. at pp. 12-16.

On April 19, 2010, I ordered the plaintiff to respond to the defendants' amended motion to dismiss on or before May 14, 2010 [Doc. #51]. The plaintiff has included his response with the above-listed motions. However, the plaintiff may not combine his response with motions. D.C.COLO.LCivR 7.1C. The plaintiff shall file his response to the motion to dismiss on or before December 27, 2010. The response shall stand alone; it shall not contain motions or responses to other documents. The response shall be entitled "Plaintiff's Response to Defendants' Amended Motion to Dismiss."

Both of the plaintiff's Motions seek to supplement the Amended Complaint. The Motions do not contain a proposed second amended complaint. I have previously ordered that the plaintiff may not amend by filing supplements:

> [T]he plaintiff may not amend his Amended Complaint by simply filing piecemeal supplements. Rather, he must file the entire proposed second amended complaint. The plaintiff may not incorporate by reference his original or his Amended Complaint into the proposed second amended complaint. The second amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original

---

[2]The pages of the Motion for Reconsideration are not consecutively numbered. Therefore, I cite to the pages of the Motion for Reconsideration as they are assigned by the court's docketing system.

3

> complaint and renders the original complaint without legal effect")
> (internal quotations and citations omitted).

*Order issued February 1, 2010* [Doc. #37], p. 3. In addition, the plaintiff may not combine multiple unrelated motions. Accordingly,

IT IS ORDERED:

(1)     The Motions for Reconsideration [Doc. # 53] is STRICKEN;

(2)     The Motion to Add [Doc. # 57] is STRICKEN;

(3)     On or before December 27, 2010, the plaintiff shall file a response to the defendants' Amended Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) [Doc #46]. The response shall comply with this order;

(4)     The plaintiff shall cease filing multiple unrelated requests in the same motion, responses coupled with motions, and piecemeal supplements to his Amended Complaint; and

(5)     The plaintiff's failure to comply with this order may result in sanctions, including dismissal of the Amended Complaint.

Dated November 29, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge