IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02265-WYD-BNB

JOSEPH A. ELLSWORTH,

Plaintiff,

v.

PAT MONTEZ,
CHARLES OLIN,
A. ZAVARAS,
CATHY HOLST,
MARSHALL GRIFFITH,
PAULA FRANKTZ, and
BURL MCCULLAR,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Doc #46, filed 03/03/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). A party is deemed to have been given a reasonable opportunity to respond if the party does not attempt to exclude the supporting documents, but files its own sworn affidavits in response.[1] Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986).

---

[1] The plaintiff did not file a response to the Motion. He was initially ordered to respond to the Motion on or before April 8, 2010 [Doc. #45], but he did not. On April 19, 2010, I ordered him to file a response to the Motion on or before May 14, 2010 [Doc. #51]. On May 12, 2010, the plaintiff filed a paper titled "Second Response to Defendants Answer and Rule 12 (B)(6) Request for Advisory Counsel and Reconsideration" [Doc. #53]. The paper contained (1) a response to the defendants' motion to dismiss; (2) a motion to "appoint Advisory Counsel"; (3) a motion for joinder with a case titled simply "Montez"; (4) a motion to reconsider an order of the district judge; (5) a request to supplement the Amended Complaint; and (6) a motion for entry of final judgment. I struck the paper pursuant to D.C.COLO.LCivR 7.1C and ordered the plaintiff to file a response to the Motion on or before December 27, 2010 [Doc. #63]. On December 27, 2010, the plaintiff filed a motion [Doc. #65] seeking "an extension of time to obtain counsel so he may comply with the courts orders." I denied the plaintiff's request. The plaintiff has not filed a response to the Motion, nor has he sought an extension of time to respond.

Here, the defendants submit exhibits with their Motion.[2] Because I do not refer to the exhibits in my analysis of the Motion, I need not convert the Motion into one for summary judgment. Fed. R. Civ. P. 12(d).

## II. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado Territorial Correctional Facility. He filed his Amended Complaint on October 1, 2009 [Doc. #5] (the "Complaint"). The Complaint asserts four claims. Claims One and Two have been dismissed entirely, and Claim Three has been dismissed insofar as it alleges a violation of the plaintiff's Fifth Amendment guarantee against self-incrimination [Doc. #7]. Claim Three is extant insofar as it alleges that defendants Montez, Olin, McCullar, and Zavaras refused to remove a sexual assault conviction from the plaintiff's prison record. Claim Four alleges that defendants Hoist and Griffith have refused to issue a mobility accommodation in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"); defendant Frantz denied the plaintiff advanced cardiac screening; and the DOC has ignored his requests for treatment and tests for his cardiac condition, a hepatitis vaccination, and anti-viral medication.

The Complaint contains the following pertinent allegations:

1. The DOC "lists" the plaintiff as having a convicted charge of "sexual assault on a child." The plaintiff has never been charged or convicted of sexual assault on a child in any jurisdiction. *Complaint*, p. 13.

---

[2] The defendants' Amended Motion to Dismiss does not contain attached exhibits, although the defendants cite to exhibits as if they are attached to the Amended Motion to Dismiss. *Motion*, p. 6. Rather, the exhibits are attached to the initial Motion to Dismiss [Doc. #39].

2. The plaintiff applied for a mobility disability rating upon arrival at the DOC. He was refused mobility accommodations six weeks before a screening examination was administered. The defendants ignored the plaintiff's "Colorado Workman's Compensation documents." Id. at p. 16.

3. In July 2009, defendants Hoist and Griffith "of the office of the ADA inmate coordinator," again refused to issue a mobility accommodation based on an examination. The plaintiff requested copies of all "exam documents" and the criteria used to determine a disability, but Hoist and Griffith refused to provide the documents. Id.

4. Defendant Frantz denied the plaintiff "advanced cardiac screening such as a 64 Slice C.T. Scan despite several abnormal static E.K.G. results." The DOC ignores his repeated requests for treatment and tests regarding his cardiac condition. Id.

5. The plaintiff has requested hepatitis vaccinations because his cellmate has hepatitis, and his requests have been ignored. Id.

6. "As a diabetic, the plaintiff easily contracts the flu, and while sick he requested amantadine or other anti-viral medication for his suffering." The DOC ignored this request. Id.

The plaintiff seeks monetary and injunctive relief. Id. at p. 18.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Claim Three

Claim Three alleges that defendants Montez, Olin, McCullar, and Zavaras refused to remove a sexual assault conviction from the plaintiff's prison record. The plaintiff does not identify the basis for this claim. Construing the Complaint liberally, as I must, I understand Claim Three to allege a violation of the plaintiff's due process rights.

The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995), *aff'd*, 520 U.S. 143 (1997). The deprivation of a liberty interest can occur procedurally or substantively. County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (stating that "[t]he touchstone of due process is protection of the individual against arbitrary action of government whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective") (internal quotations and citations omitted).

The Due Process Clause prohibits the government from depriving a person of life, liberty, or property without prior notice and an opportunity for a hearing. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985). "To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest." Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1394 (10th Cir. 1988) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972)). In the context of a sex offender classification, the courts have found a liberty interest where labeling a prisoner as a sex offender

*is coupled with* the "coercive element" of conditioning parole eligibility or receipt of good time credits on completion of a sex offender treatment program. Beierle v. Zavares, 215 F.3d 1336, 2000 WL 757725, *4 (10th Cir. June 12, 2000); Chambers, 205 F.3d at 1242 (stating that the DOC had not created a liberty interest in the plaintiff's *not* being classified as a sex offender; the liberty interest was implicated when the DOC removed the plaintiff's earned time credits). See also Gwinn v. Awmiller, 354 F3d 1211, 1216 (10th Cir. 2004) (stating that damage to an inmate's reputation by labeling him as a sex offender, without more, is not sufficient to implicate the Due Process Clause).

The plaintiff alleges that his classification as a sex offender has resulted in the denial of "earned credit, community corrections, parole and other benefits." *Complaint*, p. 13. The plaintiff has alleged facts sufficient to establish a cognizable liberty interest.

The defendants assert that the plaintiff was afforded adequate procedural due process prior to being classified as a sex offender. *Motion*, p. 6. The defendants rely on exhibits to support this assertion. Because I do not consider the exhibits in my analysis of the Motion, I do not address whether the plaintiff was provided sufficient process prior to being classified as a sex offender. The Motion should be denied insofar as it seeks dismissal of Claim Three.

### B. Claim Four

Claim Four alleges that defendants Hoist and Griffith have refused to issue a mobility accommodation in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"); defendant Frantz denied the plaintiff advanced cardiac screening; and the DOC has ignored his requests for treatment and tests for his cardiac condition, a hepatitis vaccination, and anti-viral medication.

### 1. ADA Claim

The plaintiff alleges that he has a "back disability" which has been certified by the "Colorado Workman's Compensation." He further alleges that the DOC refuses to issue accommodations for his back disability in violation of the ADA. *Complaint*, p. 16.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II's prohibition of discrimination by public entities "unmistakably includes State prisons and prisoners." Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 209 (1998).

The Tenth Circuit Court of Appeals has stated:

> [T]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation. See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" and that the statute "does not create a remedy for medical malpractice"); McNally v. Prison Health Servs., 46 F.Supp.2d 49, 58 (D.Me.1999) (distinguishing between "claims that the medical treatment received for a disability was inadequate from claims that a prisoner has been denied access to services or programs because he is disabled," and concluding that only the latter class of claims states an ADA violation).

Rashad v. Doughty, 4 Fed.Appx. 558, 560 (10th Cir. January 29, 2001). See also Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005) (acknowledging that the ADA does not provide a remedy for medical malpractice).

Here, the plaintiff does not allege that he was discriminated against based on a disability. Rather, he alleges that the defendants have failed to provide proper treatment for his disability. This claim is not cognizable under the ADA. The Motion should be granted insofar as it seeks dismissal of Claim Four's ADA allegations.

### 2. Eighth Amendment Claim

The plaintiff alleges that in violation of the Eighth Amendment defendants Holst and Griffith refused to provide proper treatment for his back after an examination. *Complaint*, p. 16. He further alleges that defendant Frantz denied him "advanced cardiac screening such as a 64 Slice C.T. Scan despite several abnormal static E.K.G. results"; his repeated requests for tests and treatments regarding his cardiac condition are being ignored by the DOC; his request for hepatitis vaccinations have been ignored; and his requests for anti-viral medication to treat flu symptoms has been ignored.

A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff,

199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).          The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The plaintiff alleges only that Hoist and Griffith "refused to issue a mobility accommodation based on the exam." *Complaint*, p. 16.  These allegations are not sufficient to state a plausible claim that Hoist and Griffith knew of and disregarded an excessive risk to the plaintiff's safety.

The he summarily alleges that Frantz denied him an advanced cardiac screening despite several abnormal EKG results.  He does not allege any facts to show that Frantz deliberately disregarded a substantial risk of serious harm to the plaintiff.

Moreover, the plaintiff does not allege that any of the defendants personally participated in ignoring his requests for treatment and tests for his cardiac condition, hepatitis vaccines, and anti-viral medications.  An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362,

371 (1976).  Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official.  Id.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

> The Tenth Circuit has stated:
>
> > [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
> >
> > This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.  See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").  The Twombly Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies.  Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Claim Four is devoid of factual detail.  The Motion should be granted insofar as it seeks dismissal of Claim Four for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

I respectfully RECOMMEND that defendants' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc #46] be GRANTED IN PART and DENIED IN PART as follows:

1. DENIED to the extent it seeks dismissal of Claim Three; and

2. GRANTED to the extent it seeks dismissal of Claim Four.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 20, 2011.

            BY THE COURT:

            s/ Boyd N. Boland
            United States Magistrate Judge