IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   09-cv-02265-WYD-BNB

JOSEPH A. ELLSWORTH,

     Plaintiff,
v.

PAT MONTEZ,
CHARLES OLIN,
A. ZAVARAS,
CATHY HOIST,
MARSHALL GRIFFITH,
PAULA FRANTZ, and
BURL McCULLAR,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 46], filed March 3, 2010.  By Memorandum of March 3, 2010, this motion was referred to Magistrate Judge Boland for a recommendation.  Magistrate Judge Boland issued a Recommendation on January 20, 2011, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Boland recommends that Defedants' motion to dismiss the claims remaining against them be granted in part and denied in part.  Specifically, he recommends that Plaintiff's motion be denied to the extent it seeks dismissal of Claim Three, and that it be granted to the extent it seeks dismissal of Claim Four.  *See* Recommendation at 11.

Defendant filed a timely objection to the Recommendation [ECF No. 74]. Since the nature of the matter is dispositive, this objection necessitates a *de novo* determination as to those specific proposed findings or recommendations to which objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues'" and should "'not to give any special weight to the [prior] determination.'. . . ."*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)). Plaintiff did not file any objections to the Recommendation, nor did he file a response to the objections filed by the Defendants.

Defendants object to Magistrate Judge Boland's recommendation that the Amended Motion to Dismiss be denied as to Claim Three. The Court previously dismissed all portions of Claim Three, except those allegations in which Plaintiff alleges that Defendants Montez, Olin, and Zavaras have refused to remove the conviction of "Sexual Assault on a Child" from Plaintiff's prison records. In Claim Three, Plaintiff asserted that his prison records falsely state he was convicted of sexual assault on a child, and that this allegedly false information caused him to be denied "earned time credit, community corrections, parole and other benefits." Recommendation at 6. Magistrate Judge Boland determined that in Claim Three Plaintiff was asserting a claim that his due process rights under the Fourteenth Amendment had been violated. He further determined that the allegations in the complaint sufficiently allege a violation of a cognizable liberty interest, but he declined to consider whether Plaintiff had been afforded sufficient due process in conjunction with his classification as a sex offender.

Defendants argue that in making his recommendation, Magistrate Judge Boland

should have considered the exhibits attached to their motion, which consist of Plaintiff's criminal convictions from Oklahoma.  Defendants argue that the Court may take judicial notice of these records in reviewing the motion to dismiss without converting the motion to one for summary judgment under Fed. R. Civ. P. 56.  Defendants contend that these documents, which include the mittimuses from Oklahoma state court showing Plaintiff's criminal convictions, would show that the "error in Plaintiff's inmate file of which he complains is only a technical error, the correction of which will not affect his sex offender classification."  Defs.' Objection at 5.  Defendants admit that these documents do not show that the Plaintiff was previously convicted of "Sex Assault on a Child" – the crime which Plaintiff contends should be removed from his prison record.  Rather, Defendants argue that the mittimuses show Plaintiff was convicted of other sex crimes, and therefore that he is correctly classified as a sex offender even if the specific crime on his prison record is incorrect.

I reject Defendants arguments and overrule their objection.  The decision of whether to take judicial notice of a document "is within the Court's *discretion*."  *Klein v. Zavaras*, 80 F.3d 432 n. 5 (10th Cir. 1996) (emphasis in original).  The Magistrate Judge did not abuse his discretion in electing not to take judicial notice of the documents submitted by the Defendants.  My independent determination is that the exhibits need not be considered in ruling on Defendant's motion, as they are outside the pleadings.  And because the Plaintiff alleges that his classification as a sex offender has resulted in the denial of "earned credit, community corrections, parole and other benefits (Complaint at 13), I find that the Plaintiff has alleged facts sufficient to establish a cognizable liberty interest.  The arguments made by the Defendants in their objections,

and the exhibits submitted by the Defendants in conjunction with their motion to dismiss, are more properly considered on a motion for summary judgment.

Based on the foregoing, I find that Magistrate Judge Boland's Recommendation should be affirmed in its entirety and that Defendants' objections should be overruled. It is therefore

ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 69] is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 46], filed March 3, 2010 is **GRANTED in part** and **DENIED in part.** It is **DENIED** to the extent it seeks dismissal of Claim Three; and **GRANTED** to the extent it seeks dismissal of Claim Four.

FURTHER ORDERED that Defendants' Objections to the Recommendation [ECF No. 74] are **OVERRULED**.

Dated: March 22, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge